IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FEDERICO VIEYRA-GARCIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:11cv383-WKW |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

On May 16, 2011, petitioner Federico Vieyra-Garcia ("Vieyra-Garcia"), a federal inmate, filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.)  By his petition, Vieyra-Garcia challenges his guilty plea convictions and the resulting sentence imposed in December 2009 for federal controlled substance and firearm offenses.  (*Id.*)  This court directed the government to file a limited response addressing (1) Vieyra-Garcia's claim that he is actually innocent of his 18 U.S.C. § 924(c) firearm conviction and (2) the applicability of 28 U.S.C. § 2255's one-year limitation period to Vieyra-Garcia's motion, *see* § 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[1]  (Doc. No. 2.)  In its response (Doc. No. 3), the government argues that Vieyra-Garcia's claim of actual innocence lacks merit and that his § 2255 motion was filed after expiration of the one-year limitation period and is therefore time-barred.

---

[1]"Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

Title 28 U.S.C. § 2255(f) specifies that the one-year limitation period begins from the latest date of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The pleadings and court records reflect that Vieyra-Garcia was convicted pursuant to a guilty plea entered on September 18, 2009, and that he was sentenced on December 17, 2009. (See Criminal Case No. 2:09cr72-WKW.) Judgment was entered by the district court on January 5, 2010. (*Id*.) Vieyra-Garcia did not file a direct appeal. By operation of law, then, his conviction became final on January 19, 2010, upon expiration of the time for him to file a direct appeal (i.e., 14 days after entry of judgment by the district court).[2]  Thus, Vieyra-Garcia had until January 19, 2010, to file a timely § 2255 motion. The instant § 2255 motion, however, was not filed until May 16, 2011.[3]

---

[2]Effective December 1, 2009, Fed.R.App.P. 4(b)(1) provides that a defendant's notice of appeal must be filed within 14 days after entry of the district court's judgment.

[3]Vieyra-Garcia apparently signed his § 2255 motion on May 16, 2011. Applying the "mailbox rule," and no evidence to the contrary, this court deems his motion as filed on that date. *See, e.g.*,*Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

It does not appear that any of the statutory exceptions specified in § 2255(f)(2)-(4) apply in this case.  Specifically, Vieyra-Garcia's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  Moreover, there is no suggestion that the government prevented Vieyra-Garcia from filing an earlier motion.  Nor does Vieyra-Garcia appear to have submitted grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period should begin to run at a time other than upon the finality of his conviction.  Under the circumstances of this case as outlined herein, it appears to the court that the one-year limitation period contained in 28 U.S.C. § 2255 expired before Vieyra-Garcia filed his § 2255 motion.

Vieyra-Garcia has not asserted a basis for equitable tolling of the limitation period in his case.  Finally, the government argues that Vieyra-Garcia's claim of actual innocence lacks merit, because Vieyra-Garcia admitted at the change of plea hearing that he used his firearms to protect the drugs he stored at his house.  Accordingly, it is

ORDERED that on or before July 12, 2011, Vieyra-Garcia shall show cause why his 28 U.S.C. § 2255 motion should not be dismissed as it was not filed within the one-year limitation period established by the AEDPA.

Done this 21[th] day of June, 2011.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

3