IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FEDERICO VIEYRA-GARCIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:11cv383-WKW |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a motion by federal inmate Federico Vieyra-Garcia ("Vieyra-Garcia") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After careful consideration of the § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

**I.   BACKGROUND**

Pursuant to a written plea agreement, Vieyra-Garcia pleaded guilty to one count of conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, and one court of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).[1]  After a sentencing hearing on

---

[1] The change of plea hearing was held on September 18, 2009.  The plea agreement contained an appeal/collateral-review waiver with exceptions for claims of prosecutorial misconduct and ineffective assistance of counsel.  The government does not argue that the court should not consider Vieyra-Garcia's

(continued...)

December 17, 2009, the district court sentenced Vieyra-Garcia to a total of 130 months in prison.[2] The court entered final judgment on January 5, 2010. Vieyra-Garcia did not file a direct appeal.

On May 16, 2011, Vieyra-Garcia filed this *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 challenging his guilty plea convictions and resulting sentences. Vieyra-Garcia contends that the government breached the plea agreement, and that he is actually innocent of the 18 U.S.C. § 924(c) firearm conviction. The government responds that Vieyra-Garcia's motion is barred by the one-year limitation period applicable to 28 U.S.C. § 2255 motions, and his claim of actual innocence is meritless. *See* § 105 of the Antiterrorism and Effective Death Penalty Act (AEDPA).[3] Vieyra-Garcia has filed a reply to the government's response.

## II.   DISCUSSION

### A.   General Standard of Review

Collateral review is not a substitute for direct appeal; therefore, the grounds for collateral attack on final judgments of conviction are extremely limited. A federal prisoner

---

[1](...continued)
§ 2255 motion because Vieyra-Garcia waived his right to seek collateral relief upon entry of his guilty plea pursuant to the plea agreement. Moreover, the court need not consider this issue because the court concludes that Vieyra-Garcia's petition is barred by the statute of limitations and his actual innocence claim lacks merit.

[2] Vieyra-Garcia was sentenced to 70 months imprisonment on the conspiracy count, and 60 months imprisonment on the firearms count, with the sentences ordered to run consecutively.

[3] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

is entitled to relief under 28 U.S.C. § 2255 only if the district court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum sentence authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice."  *Id.* at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice").  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

### B.  Limitation Period

3

28 U.S.C. § 2255(f) specifies that the one-year limitation period begins to run from the latest date of

> (1)  the date on which the judgment of conviction becomes final;
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The district court entered judgment on Vieyra-Garcia's convictions on January 5, 2010, and Vieyra-Garcia did not file a direct appeal. By operation of law, Vieyra-Garcia's convictions became final on January 19, 2010, upon the expiration of the time for him to file a direct appeal which is fourteen (14) days after entry of judgment by the district court.[4] Thus, Vieyra-Garcia had until January 19, 2011 to file a timely § 2255 motion. The instant § 2255 motion, however, was not filed until May 16, 2011, almost four months after the expiration of the one year limitation period.[5] None of § 2255's exceptions to application of

---

[4] Effective December 1, 2009, FED.R.APP.P. 4(b)(1)(A) provides that a defendant's notice of appeal must be filed within fourteen (14) days after entry of the district court's judgment.

[5] Vieyra-Garcia signed his § 2255 motion on May 16, 2011. The law is well settled that a pro se inmate's motion is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Vieyra-Garcia's] motion was delivered to prison authorities the day [he] signed it . . ." *Washington v. United States*, 243 F.3d 1299 (11th Cir. 2001). In light of the foregoing and without any contradictory evidence, the court concludes that May 16, 2011 should be considered the date of filing of Vieyra-Garcia's motion.

the limitation period are applicable in this case. Although the Eleventh Circuit has determined that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence[,]" there is nothing before this court to indicate the existence of "extraordinary circumstances" that warrant an equitable tolling of the one-year period of limitation applicable to the claim raised in the instant § 2255 motion. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Vieyra-Garcia argues that the present § 2255 motion should be deemed timely filed because he previously filed a § 2255 motion on November 12, 2010 which he dismissed based on faulty advice from his counsel. In essence, Vieyra-Garcia is asserting that this § 2255 motion should "relate back" to his first § 2255 motion pursuant to FED.R.CIV.P. 15(c).

> Our cases, however, indicate that equitable tolling based on relation back is inappropriate. We have recognized that Rule 15(c) "'has been revised to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense.'" *Pruitt v. United States*, 274 F.3d 1315, 1318 (11th Cir. 2001) (quoting Advisory Committee Note to 1991 Amendments to Rule 15). This case does not involve a technical pleading error, but an attempt to evade a statutory limitation period. *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) (vacating district court's dismissal of petitioner's second § 2255 motion as time barred when it "cured the initial § 2255 motion's technical deficiency" of petitioner's failure to sign it). This "relatively narrow purpose" of Rule 15(c) can be thwarted in the post-conviction context: "the effective date of the claims in amendments to habeas corpus petitions [would be] irrelevant, because if the claim could not be added by amendment, it could be asserted by subsequent petition that would not be barred by any limitations period." *Pruitt*, 274 F.3d at 1318.

*Jones v. United States*, 304 F.3d 1035, 1042-43 (11th Cir. 2002) (footnote omitted)

Vieyra-Garcia's reliance on Rule 15(c) relation back provision is "a thinly veiled attempt to escape the strictures of a clear statutory-limitation period." *Id.* at 1043. He is entitled to no relief on this basis. Consequently, the court finds that the one-year period of limitation under 28 U.S.C. § 2255 expired prior to Vieyra-Garcia filing his motion to vacate.

### C. Actual Innocence

Vieyra-Garcia next argues that he is entitled to relief because he is actually innocent of the firearm conviction. His argument is unavailing. The "actual innocence" standard is set forth in *Schlup v. Delo,* 513 U.S. 298, 314 (1995), and is linked to a "fundamental miscarriage of justice" analysis. *Id.* at 315. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted or barred. *Id.* This miscarriage of justice exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *Schlup, supra*. Vieyra-Garcia has failed to make the requisite showing which could satisfy the standard set forth in *Schlup*. It is Vieyra-Garcia's burden to "support his allegations . . . with new reliable evidence, such as exculpatory scientific evidence, that was not presented at trial." *Jemison v. Nagle*, 158 Fed. Appx. 251, 256 (11th Cir. 2005).

Relying on *Bailey v. United States*, 516 U.S. 137 (1995), Vieyra-Garcia argues that the government failed to establish that he possessed a firearm *during and in relation to a drug offense.* (Doc. # 1 at 8-9). He argues that because he legally possessed the firearms,

6

the government failed to prove that the guns were used in furtherance of a drug offense. (*Id*.) 18 U.S.C. § 924(c) makes it an offense to either (1) *use or carry* a firearm *during and in relation to* a crime of violence or drug trafficking crime or (2) *possess* a firearm *in furtherance of* such crime. See 18 U.S.C. § 924(c)(1). The pre-1998 version of the statute, however, made it an offense only to *use or carry* a firearm *during and in relation to* the predicate crime. The *Bailey* decision's narrow interpretation of "use" under § 924(c)(1) prompted Congress to amend the statute in 1998 to add language directed at *possessing* a firearm "in furtherance of" the predicate crime. *See United States v. Timmons*, 283 F.3d 1246, 1252 (11th Cir. 2002). The events that led to the charges to which Vieyra-Garcia pleaded guilty occurred well after the *Bailey* decision and the 1998 revision of the statute.

In order to determine whether Vieyra-Garcia can surmount the time bar to the filing of his § 2255 motion, the court must first examine his underlying crime to determine whether Vieyra-Garcia has demonstrated that he is actually innocent of the § 924(c) firearm conviction. The court concludes that Vieyra-Garcia has failed to make the requisite showing.

Vieyra-Garcia pleaded guilty to counts 1 and 5 of the indictment. Count 5 of the indictment, the § 924(c) firearm offense, charged Vieyra-Garcia with knowingly possessing a firearm during and in relation to the commission of a drug trafficking offense, the conspiracy alleged in count one of the indictment. (Doc. # 3, Ex. B at 2-3). Vieyra-Garcia pleaded guilty to possession a firearm during and in relation to the drug trafficking offense. During the plea colloquy, Vieyra-Garcia admitted that admitted that he had firearms at his

7

house to protect his house and the drugs.  (Doc. # 3, Ex. C at 29-30).

> THE COURT: Thank you.  Now, would you establish a sufficient factual basis to support his plea of guilty to count 5, Mr. Vieyra-Garcia's?
>
> MR. KEITH: State your name for the record again.
>
> DEFENDANT VIEYRA-GARCIA: Federico Vieyra-Garcia.
>
> MR. KEITH: Mr. Garcia, you're charged in count five with this what they call 924(c)(1) gun count, correct?
>
> DEFENDANT VIEYRA-GARCIA: Yes.
>
> MR. KEITH: And you admit that you had various types of firearms at your residence where you also had drugs.
>
> DEFENDANT VIEYRA-GARCIA: Yes.
>
> MR. KEITH: And you admit that from on or about the 1st say of May of the year 2009 in Chilton County – and that's also in the Middle District of Alabama; is that right?
>
> DEFENDANT VIEYRA-GARCIA: Yes.
>
> MR. KEITH: That you had these firearms and knowingly possessed, knowingly used, or carried these firearms during and in relation to the drug trafficking offense that you were charged in in the conspiracy charge in count one.
>
> DEFENDANT VIEYRA-GARCIA: That's right.
>
> MR. KEITH: And if I didn't say so, I believe it all occurred here in the Middle District of Alabama.
>
> DEFENDANT VIEYRA-GARCIA: Yes.
>
> THE COURT: Okay. So if I understand you correctly, Mr. Vieyra-Garcia, you had these firearms to protect you and your

>  drugs that you had stored at the house?
>
> DEFENDANT VIEYRA-GARCIA:    Yes.

(Doc. # 3, Ex. C at 29-30)

Because of the facts established at the guilty plea colloquy, Vieyra-Garcia is unable to demonstrate "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup, supra*. Vieyra-Garcia must raise "sufficient doubt about [his] guilt to undermine confidence in the result of the trial." *Arthur v. Allen*, 452 F.3d 1234,1245 (11th Cir. 2006) (quotations and citation omitted). "To be credible, [an actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Vieyra-Garcia admitted that he used and possessed firearms at his home for the purpose of protecting the drugs he stored at his residence which were the object of the conspiracy to distribute controlled substances. Vieyra-Garcia has failed to establish that he is actually innocent of the § 924(c)(1) firearm conviction, and thus, he cannot overcome the bar created by the expiration of the limitation period.

Accordingly, the court finds that the one-year limitation period of 28 U.S.C. § 2255 expired on January 19, 2011, almost four months before Vieyra-Garcia filed his motion. Because Vieyra-Garcia did not file in this court until May 16, 2011, his motion is time-barred

9

and this court may not address the merits. The court further concludes that Vieyra-Garcia has failed to show sufficient cause to excuse his failure to file within the statutory period, and he has failed to demonstrate actual innocence.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Vieyra-Garcia be denied, that this case be dismissed, and that the costs of this proceeding be taxed against the petitioner. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before May 8, 2013.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 24th day of April, 2013.

　　　　　　　　　　　　　　　　　/s/Charles S. Coody  
　　　　　　　　　　　　　　　　CHARLES S. COODY  
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE